IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JONATHON HEATH, | ) | |
| | ) | Civil No. 07-1760-JO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID GURSKI, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| Defendant. | ) | |

JONES, District Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983. Should plaintiff wish to continue with this case, he must show cause why his case should not be dismissed on the basis that a decision in his favor would imply the invalidity of an underlying conviction.

## BACKGROUND

Plaintiff alleges that on July 1, 2007, the defendant, a City of Philomath police officer, led a team of armed deputies into a

1 - ORDER TO SHOW CAUSE

third party's residence, arrested plaintiff, searched the residence, and seized plaintiff's property from a travel trailer located "within the curtilage of the residence" without a valid search warrant or consent from the property owner and having no exigent circumstances justifying a warrantless search and seizure. Plaintiff contends that defendant's actions violated his Fourth Amendment rights and he seeks monetary relief.

## DISCUSSION

When a state prisoner seeks declaratory, injunctive, or monetary relief under 42 U.S.C. § 1983, a district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of plaintiff's conviction or sentence. Edwards v. Balisok, 520 U.S. 641 (1997). A 42 U.S.C. § 1983 action that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable unless plaintiff can prove that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Harvey v. Waldron, 210 F.3d 1008, 1013 (9th Cir. 2000).

At the time of the allegedly unlawful search and seizure on July 1, 2007, plaintiff was not incarcerated. At the time he filed this action on November 29, 2007, he was incarcerated and is now an

inmate at the Eastern Oregon Correctional Institution. Plaintiff asserts that his prison sentence is the result of defendant's unlawful search and seizure of his property. Accordingly, habeas corpus is a more appropriate remedy.

Because it appears that a decision in plaintiff's favor in this case would imply the invalidity of the conviction for which he is currently incarcerated, plaintiff is ordered to show cause why this action should not be dismissed. Plaintiff's failure to show cause within 30 days will result in the dismissal of this case.

## CONCLUSION

Should plaintiff wish to continue with this action, he must show cause within 30 days why this action should not be dismissed on the basis that it implicates the legality of his incarceration, or of a criminal conviction or sentence. Plaintiff's failure to show cause within 30 days will result in the dismissal of this case.

IT IS SO ORDERED.

DATED this 6th day of December, 2007.

/s/ Robert E. Jones
Robert E. Jones
United States District Judge

3 - ORDER TO SHOW CAUSE